By the Court.—Curtis, Ch. J.
The defendant is sued as a stockholder in the Sewing Machine Engine Company, to recover the amount of two promissory notes, made by the company and delivered to the plaintiffs, in payment for goods sold and delivered to the company by the plaintiffs. The notes were signed by the president of the company, and also by the defendant as its treasurer, and made payable to the plaintiff’s order, and dated May 18, 1874. The goods for which they were given were sold and delivered to' the company between January 16, and April 15, 1874. This action was commenced September 26, 1874. The defendant became a stockholder and treasurer of the company in the autumn of 1873, and continued so until after the notes in suit were given. Judgments were recovered on these notes against the company in September, 1874, and executions were issued and returned unsatisfied.
The certificate of the payment of the whole of the capital stock, required to be made and recorded in order to exonerate stockholders from liability, pursuant to the requirements of sections 10 and 11 of chapter 40 of Laws of 1848, was not made and recorded until October 18, 1875,—more than a year after the commencement of the present action.
The defendant urges, that no authority is shown in the officers of the company to make the notes ; but as he himself signed them as treasurer of the company, and thus held them out to the public as valid securities, *3 he is estopped from now setting up a want of power to execute them (Moss v. Averill, 10 N. Y. 449).
The defendant further claims, that the certificate required to be made and recorded by the act of 1848, was not necessary in this case, and that, where the trustees of a company proceed to purchase property and issue stock therefor, and comply with chapter 333, section 2, Laws of 1853, in that respect, a certificate is dispensed with, but the facts should be stated in all statements or reports made by the company, and that, if that is done, the stockholders are not liable.
In an annual report dated July 10, 1873, it is stated that stock to the full amount of the capital wa,s issued as full paid stock, for the use of certain patent rights, under which the company operated. This was not verified, except by the secretary, and was never recorded.
This cannot be construed into a compliance with the statute, as it fails in both the requisites, the verification, and the public notice, required of the certificate, and would be of no use for the protection of the public, and accomplishing the object of this provision of the law. The act of 1853 did not change the effect of the law of 1848 as regards the filing of the certificate (Boynto v. Andrews, court of appeals, not yet reported).
The defendant excepts to the finding of the referee, that the whole amount of the capital stock had not been paid in. It becomes unnecessary, in the view taken of the case, to consider this question of fact, but the evidence appears to sustain this finding of the referee.
The plaintiffs’ rights are unaffected by the contract between the company and its president, as they had no notice of it. Tire plaintiffs had the right also to sue Place & Co., the indorsers of the notes, and who also acted as agents in the purchase of the goods, without disclosing the name of their principal at the time.
*4 The certificate of the county clerk that no certificate by the company was on file, or recorded, was competent (2 R. S. [Edmonds’ Ed.] 573, 612,) and the fact was also proved by the testimony of a witness.
There are other exceptions in the case, but none that call for the reversal of the judgment.
The judgment appealed from should be affirmed with costs.
Speir, J., concurred.